NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 09-30042 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-CR-06023-RHW-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| JOE LUIS REYES, JR., | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted November 2, 2009
Seattle, Washington

Before:     ALARCÓN, FERNANDEZ, and CLIFTON, Circuit Judges.

Joe Reyes, Jr., appeals both his conviction and sentence for failure to register

or update his registration as a sex offender in violation of the Sex Offender

Registration and Notification Act ("SORNA").  See 18 U.S.C. § 2250; see also 42

U.S.C. § 16913.  He challenges the indictment and the constitutionality of

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

SORNA. He also challenges his sentence on the basis that the district court erred in determining that he was a Tier III sex offender under SORNA and the Sentencing Guidelines. We affirm.[1]

(1) Reyes rests the challenge to his conviction on three major footings, each of which has been washed away by our recent decision in United States v. George, 579 F.3d 962 (9th Cir. 2009). That is, his claim that he could not be convicted pursuant to SORNA because the State of Washington had not yet implemented the SORNA registration requirements falls. Id. at 965. So, too, does his vagueness claim. Id. at 965– 66. Finally, his claim that SORNA violates the Commerce Clause[2] also collapses. Id. at 966–67. Concomitantly, the indictment, which was in a form that we have approved of, sufficiently informed him of the charges against him. See id. at 967; see also United States v. Awad, 551 F.3d 930, 935 (9th Cir. 2009) (setting out charging requirements for an indictment). Thus, his attempt to set aside his conviction fails.

(2) Reyes now asserts that the district court erred when it declared that he

---

[1]However, we remand for correction of the written judgment.

[2]U.S. Const. art. I, § 8, cl. 3.

was a Tier III sex offender[3] and sentenced him accordingly.[4]  However, his challenge was not raised at the district court.  Rather, the district court's determination was affirmatively accepted by Reyes and his counsel at the time of sentencing.  When asked by the district court whether defense counsel agreed with the recalculated offense level, which resulted from the designation of Reyes' Tier status as III rather than II,[5] counsel said that it appeared to be accurate.  The court thereafter twice offered counsel an opportunity to continue the sentencing hearing for the express purpose of "investigating" the issue, and counsel eschewed that offer.  When the court explained to Reyes what that meant to his potential sentence range, and asked him if proceeding with sentencing under the recalculated offense level was acceptable, Reyes twice responded affirmatively.  Thus, it is evident that Reyes was well aware of the right to challenge the tier assignment and waived the right to do so.  See United States v. Olano, 507 U.S. 725, 732–33, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993); see also United States v. Perez, 116 F.3d 840, 845

---

[3]See 42 U.S.C. § 16911(4).

[4]See USSG §2A3.5(a)(1) (2008).

[5]The base offense level for a Tier III offender is sixteen.  USSG §2A3.5(a)(1).  For a Tier II offender it is fourteen, and for a Tier I offender it is twelve.  Id. §2A3.5(a)(2) & (3).

3

(9th Cir. 1997) (en banc).  We will not consider the issue at this time.[6]  Therefore,

Reyes' attack on his sentence also fails.[7]

AFFIRMED, but REMANDED for correction of written judgment.

---

[6]We recognize that because this is a rather new and untested statutory and guideline scheme, it could be said that the issue was merely forfeited and that plain error review should follow.  However, that would serve to underscore the fact that even if there were error, it was not plain.  See Olano, 507 U.S. at 734, 113 S. Ct. at 1777–78; United States v. Kilbride, No. 07-10528, slip op. 14469, 14494 (9th Cir. Oct. 28, 2009).

[7]However, the parties agree that the district court erred when it included special conditions of supervised release in the written judgment which were not imposed at sentencing.  We agree with the parties.  See United States v. Napier, 463 F.3d 1040, 1042 (9th Cir. 2006).  Thus, we remand with directions that the district court correct the written judgment to conform to the oral pronouncement. See United States v. Hicks, 997 F.2d 594, 597 (9th Cir. 1993).